492 P.2d 1347

The STATE of Utah, Plaintiff and Respondent,

v.

Ted PACHECO, Defendant and Appellant.

No. 12589.

Supreme Court of Utah.

Jan. 18, 1972.

D. Gilbert Athay, Salt Lake Legal Defender Assn., Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Chief Asst. Atty. Gen., Larry V.

Lunt, Asst. Atty. Gen., Salt Lake City, for respondent.

### HENRIOD, Justice:

Pacheco was convicted of grand larceny of a rifle. On appeal he assigns one error —an instruction on aiding and abetting,— with which he was not charged. The State conceded that there was no evidence of the latter but says the instruction was not prejudicial. We simply say "why not?" since such an instruction has quite a different hue and complexion from behind prison walls than it might have elsewhere. This man is entitled to a new trial since it is impossible for this court to prestidigitate whether the jury convicted defendant of larceny or aiding and abetting, under the record in this case. We cannot enjoy the luxury or humiliation in this country to sustain the conviction of a man on trite aphorism unsupported by any kind of evidence.

The dissent says there is no such crime as aiding and abetting. Not so. To convict for aiding and abetting, under Title 76–1–44, U.C.A.1953, the State must prove first that some other person,—in this case appellant's brother, Bob,—committed the offense. No effort was made by the State so to do, and so far as this record is concerned Bob or anyone else has never been charged with the offense. The statement in the dissent compounds and emphasizes the prejudiciality of the instruction on aiding and abetting.

The case is reversed and remanded for a new trial as requested.

### CALLISTER, C. J., and TUCKETT, J., concur.

### ELLETT, Justice (dissenting):

I am unable to concur in reversing this case.

Mr. Peterson owned a valuable rifle which he kept in a closet in his home. The rifle was there when he got his coat to go to work in the morning and was missing when he returned in the afternoon. His wife was in the house all day long except for a period of approximately 30 minutes, when at the express invitation of appellant's fiancee she went into the adjoining duplex for coffee. The appellant was then living with his fiancee and was in and out of the apartment several times during the visit of Mrs. Peterson. The Petersons had a small dog which barked at people. The appellant knew the dog and had on prior occasions played with it. The appellant also had been in the Peterson apartment and had seen Mr. Peterson cleaning the rifle. As soon as Mr. Peterson observed that the rifle was missing, he and his wife accosted the appellant and asked if he had observed anybody about the Peterson apartment. The appellant said he had not seen anybody. Three days later the appellant

sold the rifle for $50, claiming it had belonged to his grandfather. This evidence was sufficient to sustain the verdict of guilty of grand larceny.

Both appellant and his fiancee testified that as soon as Mrs. Peterson went back to her apartment around 3:30 or 4:00 p. m., they went shopping, and when they returned at about 6:00 p. m., they saw appellant's brother, Bob, in the vicinity. Neither witness said Bob had the rifle. Appellant further testified that Bob gave him the rifle and asked him to sell it. He said that Bob had on prior occasions requested him to sell weapons but that he had always refused to do so.

There was no other evidence to indicate that Bob had stolen the rifle. However, if the jurors should believe that Bob gave the rifle to the appellant, then they could believe that it was Bob and not the appellant who did the actual stealing.

Under the evidence of this case the jury would have to find that if Bob stole the rifle, he did so during the time Mrs. Peterson was in appellant's apartment. Since appellant was going in and out of his duplex, he would most likely know if Bob was about the place; and furthermore, since it was he and not Bob who knew about the rifle, it would be reasonable for the jury to believe that if Bob stole the rifle, it would be with the assistance of the defendant.

To cover this contingency the court instructed the jury on the law of aiding and abetting as set out in the statute.[1] It is this instruction which is the basis of the reversal in the main opinion. Whether the appellant actually did the stealing or aided or abetted his brother Bob would matter not. In either event he would be guilty of the crime of grand larceny

The prevailing opinion says that the defendant was not charged with aiding and abetting. That is true, nor was he convicted of aiding and abetting. There is no such crime as aiding and abetting.[2] The

1. Section 76–1–44, U.C.A.1953, provides: "All persons concerned in the commission of a crime, either felony or misdemeanor, whether they directly commit the act constituting the offense or aid and abet in its commission or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed.

2. Section 77–21–39, U.C.A.1953, provides: "(1) Every person concerned in the commission of an offense, whether he directly commits the offense or procures, counsels, aids, or abets in its commission even though not present shall be informed against or indicted and tried and punished as a principal. (2) No other facts need be alleged in an information or indictment against an accused for procuring, counseling, aiding, or abetting the commission of the offense than are required in an information or indictment against the person directly committing the act constituting the offense."

Section 77–21–40, U.C.A.1953, provides: "An accessory may be prosecuted, tried, and punished, though the principal may be neither prosecuted nor tried, and though the principal may have been acquitted."

**48**

appellant was accused of grand larceny and was convicted of grand larceny.

It seems to me that the evidence is amply sufficient to justify a finding that the appellant stole the rifle, and the verdict should be affirmed.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of ELLETT, J.